

**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*　　　　　*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

June 25, 2004

James B. Krasnoo, Esq.
23 Main Street
Andover, MA 01810

    Re:  United States v. Arthur Kloack
          04-10092-RWZ

Dear Mr. Krasnoo:

    The government responds as follows to your letter dated June 16, 2004, and its enclosed motions, wherein you note that the motions are to be treated as requests under Local Rule 116.3(A), discovery motion practice.[1]

Motion to be Furnished Evidence Favorable to the Accused

    A defendant participating in automatic discovery must not request information expressly required to be produced under L.R. 116.1. Local Rule 116.3(D). The timing and substance of the disclosure of exculpatory evidence is specifically provided in L.R. 116.2. Local Rule 116.1(C)(2). The types of exculpatory evidence to be disclosed, and the timing for those disclosures, are set out in detail in Local Rule 116.2(A) and (B).

    Against the framework of those rules, I read the subject motion to seek disclosure of information wholly addressed by Local Rules 116.1 and 116.2. Any such exculpatory material that falls within the categories set forth at Local Rule 116.2(B)(2)(a)-(g) need not, and will not, be disclosed by the government at this time. With respect to those categories of

---

    [1] I believe that you indicated that the motions have not been filed; Local Rule 116.3(A) requires the filing of both the discovery request letter and any response with the Clerk's Office. This response will be filed.

June 25, 2004
Page 2

exculpatory information described within Local Rule 116.2(B)(1), the government has previously provided a response to 116.2(B)(1)(a), (b), (c), (e) and (f). That response has not changed since the time of the government's initial disclosures.[2] With respect to criminal records, 116.2(B)(1)(d), enclosed are copies of the criminal records of identified witnesses Scott Mello, Robert Marconi, Jr., and Edward Libby. At such time as the government identifies by name any additional witnesses that it intends to call in its case-in-chief, the criminal records response will be further updated.

Motion to Preserve Government's Notes

The government and the relevant law enforcement officers are aware of the obligations imposed by Local Rule 116.9. To the extent that the motion seeks anything beyond that which is required by Local Rule 116.9, the request is denied.

Motion to Inspect Statements of Government Witnesses

Statements of the witnesses that the government intends to call as witnesses in its case-in-chief will be produced pursuant to 18 U.S.C. §3500. To the extent that the motion seeks anything else, the request is denied.

Motion for List of Grand Jury Witnesses

The request is denied because it is beyond the scope of that which is required by Fed.R.Crim.P. 16 or the Local Rules.

Motion for Production of Records of Conviction

The request is denied as moot because the government has already complied, above.

Motion for Sequestration of Witnesses

No response under Local Rule 116.3 is required. The motion should be reserved for determination by the trial judge.

---

[2] As you have already been informed, the witness referenced in the subject motion did not report any exculpatory information to the interviewing agents.

June 25, 2004
Page 3

<u>Motion for Production of Defendant's Prior Criminal Record</u>

The request is denied as moot because the government has already responded to same in its initial automatic disclosure letter, May 20, 2004.

<u>Motion for Disclosure of Experts</u>

The request is denied as moot because, as is reflected in the Court's June 21, 2004 Order and Initial Status Report, the government has agreed to provide expert discovery 30 days before trial and the defendant will provide reciprocal discovery 15 days before trial.

Motion for Production of Law Enforcement Interview Reports with <u>Individuals who will not be Witnesses at Trial</u>

The request is denied because it is beyond the scope of that which is required by Fed.R.Crim.P. 16 or the Local Rules.

Motion that the Court Permit the Defendant to Submit Shortly <u>Before Trial a List of Questions to be Addressed to the Venire</u>

No response to this motion under Local Rule 116.3 is required. The motion should be reserved for determination by the trial judge.

Very truly yours,

Lori J. Holik
Assistant U.S. Attorney

enclosures

cc: Thomas Quinn,
    Clerk to the Honorable Judith G. Dein
    (w/o enclosures)