UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Crim. No. 04-10092-RWZ |
| ) | |
| v.  ) | |
| ) | |
| ARTHUR M. KLOACK, ) | |
| ) | |
| Defendant.  ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTIONS:**

**1) TO BE FURNISHED EVIDENCE FAVORABLE TO THE ACCUSED;
2) TO PRESERVE GOVERNMENT'S NOTES;
3) FOR LIST OF GRAND JURY WITNESSES;
4) FOR DISCLOSURE OF EXPERTS;
5) FOR PRODUCTION OF LAW ENFORCEMENT INTERVIEW NOTES WITH INDIVIDUALS WHO WILL NOT BE WITNESSES AT TRIAL**

The government opposes the five captioned defense motions for the following reasons.

**Failure to Follow Local Rules**

Local Rule 116.3 sets forth in some detail the procedures to be followed in the event that any discovery motion is filed. In pertinent part, the Rule includes the following: before filing any discovery motion, the moving party shall confer with opposing counsel to attempt to eliminate or narrow the areas of disagreement and shall certify in the motion that a good faith attempt was made to do so (Local Rule 116.3(F)); the discovery motion shall state with particularity each request for discovery, followed by a concise statement of the moving party's position with respect to such request, including citations of authority (Local Rule 116.3(G)); a defendant participating in automatic

discovery shall refrain from requesting information expressly required to be produced under Local Rule 116.1 (Local Rule 116.3(D)).

On June 16, 2004, the defendant served the government with ten motions, indicating that they were to be treated as requests for discovery under Local Rule 116.3(a). The motions were not filed at that time. On June 25, 2004, the government responded by letter to the defendant's discovery requests and filed its letter with the Court; a copy of the government's response is attached hereto as Exhibit A. On June 29, 2004, the government received the defendant's letter (dated June 28, 2004) indicating that seven of the previously served motions were now being filed.

No conference with the government was initiated by the defense. Several of the motions, even those that request what can only be considered as extraordinary disclosures, fail to set forth any explanation as to purpose or authority for seeking that which is clearly beyond the automatic disclosure provided for in Fed.R.Crim.P. 16, the Local Rules, or 18 U.S.C. §3500.

The five motions captioned above should be denied; the remaining two defense motions, as to which the government takes no substantive position at this time, should be reserved until trial.[1]

---

[1] The trial motions are: 1) Motion for Sequestration of Witnesses and 2) Motion that the Court Permit the Defendant to Submit Shortly before Trial a List of Proposed Questions to be

**1) Motion to be Furnished Evidence Favorable to the Accused**

Prohibited by the Local Rules, this motion seeks information expressly required to be produced under Local Rule 116.1 (incorporating the timing and substance of the disclosure of exculpatory evidence as specifically provided in Local Rule 116.2). See Local Rule 116.3(D). By means of apparent support, the motion alleges that one witness, post-indictment, has now offered an exculpatory explanation to defense counsel. Defense counsel has already been informed that the government has met and will continue to meet its obligations relative to the review of the reports of interview; no such exculpatory statements were made to the interviewing law enforcement officers and no Local Rule 116.2(B)(1) disclosures, other than those already made, are appropriate at this time. See Exhibit A, June 25, 2004 letter to James B. Krasnoo, Esq., p.2, FN2.

The government is aware of the continuing nature of all of its disclosure obligations, as well as the different disclosures required, pursuant to Local Rule 116.2(B)(2), twenty one days before the established trial date, and will honor all of those obligations. The motion should be denied.

**2) Motion to Preserve Government's Notes**

The defendant seeks an order that the government "preserve for trial any notes taken by any of its agents or attorneys of

---

Addressed to the Venire.

3

any interviews with persons who are or may be witnesses at the trial." On its face, the motion is broader than that which is required by Local Rule 116.9, which is specifically limited to the preservation of notes and other documents or things by or in the custody of certain specified law enforcement officers.

The government and the relevant law enforcement agents are aware of the obligations imposed by the Local Rules and will comply with the obligations set forth in Local Rule 116.9. To the extent that the motion, which offers neither explanation nor support for its overbreadth (e.g. attorney notes), seeks anything beyond that which is required by Local Rule 116.9, it should be denied.

### 3) Motion for List of Grand Jury Witnesses

Without supporting rationale or authority, the defendant moves for a list of witnesses summoned to, or who testified before, the Grand Jury that returned the subject indictment. While the defendant surely has some purpose for seeking such a disclosure, it has not been made known to the government. As the request is beyond the scope of that which is required by Fed.R.Crim.P. 16, the Local Rules, or any other statutory or constitutional obligation of the government, the motion should be denied.

### 4) Motion for Disclosure of Experts

The motion seeks to compel the government to disclose its

expert witnesses five weeks before trial. As noted in the government's letter response, the request is rendered moot by the entry of the Court's Order dated June 21, 2004. That Order reflects the parties' reciprocal agreements, made in open Court on June 21, 2004, as to expert discovery, namely, that the government will make its disclosures thirty days before trial and that the defendant will make any such reciprocal disclosures fifteen days before trial. The motion should be denied.

**5) Motion for Production of Law Enforcement Interview Reports With Individuals Who Will Not be Witnesses at Trial**

The motion is one of only two filed by the defendant that contains any statement of the moving party's position with respect to the request (but not citations of authority), as required by Local Rule 116.3(G). The defendant's position, that only the defendant and not the government or the Court can determine what is exculpatory, logically leads to open file discovery in every case.[2] Mandated open file discovery is not the rule of this District; rather, the District has adopted the Local Rules (specifically, 116.1, 116.2, 116.3) to govern automatic disclosures. This defendant, having opted "in" to automatic discovery, should be held to the operation of the Local

---

[2] Of particular interest is defendant's reference to "exculpatory within the meaning of the defendant's theory of this case." The government notes that the defendant has not seen fit to share whatever that theory may be in this tax case, either by way of conference with the government as required by Local Rule 116.3(F) or by explanation within the body of this motion.

Rules. The government has affirmed its undertaking to meet its obligations to timely produce exculpatory information as governed by Local Rule 116.2. Such information has been and will continue to be produced in keeping with the timing requirements set forth in Local Rule 116.2(B). No obligation exists to produce all interview reports with individuals who will not be witnesses at trial. The motion should be denied.

Dated: July 13, 2004

By its attorney,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ Lori J. Holik
Lori J. Holik
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2004 I caused a copy of the above Objection to be served on defendant's counsel of record by causing same to be mailed, first class mail, postage prepaid.

/s/ Lori J. Holik
Lori J. Holik
Assistant U.S. Attorney