```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
```

```
_____
                                )
UNITED STATES OF AMERICA        )
                                )    CR. NO. 04-10092-RWZ
v.                              )
                                )
ARTHUR M. KLOACK                )
_____ )
```

## MOTION TO STRIKE SURPLUSAGE IN THE SUPERSEDING INDICTMENT AND MEMORANDUM IN SUPPORT THEREOF

Now comes the defendant in the above-entitled matter and moves to strike surplusage in the superseding indictment and assigns as reasons therefor the following:

1.  The defendant is charged identically in the original and superseding indictment with four counts that allege that he filed false tax returns in violation of 26 U.S.C. §7206(1).

2.  The superseding indictment merely contains a section called: Notice of Additional Factors, which section sets out the alleged tax loss as to each count for all four counts, and therefore contains information irrelevant to conviction on Counts 1 through 4 of the indictment, even if said information may relate to sentencing factors under the indictment.

3.  The defendant seeks to strike from initial jury consideration as to criminal responsibility that section of the

superseding indictment entitled Notice of Additional Factors for the reasons set forth below.

4.   Title 26, United States Code, Section 7206(1) provides that any person who ...

> willfully makes and subscribes any return ... which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter; ... shall be guilty of a felony and, upon conviction thereof, shall be fined not more than $100,000.00 (...), or imprisoned not more than three years, or both, together with the costs of prosecution.

5.   The defendant, according to the terms of the indictment, is alleged to have received payments from a broker of seafood and two vendors of seafood without including any of these payments from these persons on his federal tax returns for a four year period of time.  The Government alleges that Mr. Kloak substantially underreported the actual taxable income in each of those four years for himself and his wife.

6.   Nowhere under the essential elements set forth in §7206, reprinted in applicable part above, is it required that the government prove beyond a reasonable doubt to the jury any combined tax loss.  Indeed, the statute does not require any loss of tax to the federal government, but only that any returns signed under the pains and penalties of perjury, which fail to

contain a true and correct material matter, give rise to the offense.

7.   The government has simply added into the indictment Notice of Additional Factors because of the sentencing enhancement issues raise in *Blakely v. Washington,* 2004 W.L. 1402697, ___ U.S. ___, (U.S. Supreme Court, June 24, 2004).

8.   *Blakely* raised the issue as to whether or not sentencing factors which are now to be treated as elements of the offense to be proved beyond a reasonable doubt to the jury are to be set forth in an indictment.  Courts have reached different opinions and are split on this issue.  In *United States v. Brown*, ___ F.Supp. 2d ___, 2004 W.L. 1879949 (M.D. Ill. 2004), Judge Gettleman granted the defendant's motion to strike sentencing allegations from the indictment and forbad the government from proving, either at trial or at a bifurcated sentencing hearing, any of evidence of obstruction of justice.  While Judge Gettleman did not provide his rationale in a written order, he granted the government's motion to continue the trial until after expected rulings in *United States v. Booker*, 375 F.2d 508 (7th Cir.), *cert. granted* ___ U.S. ___, 2004 W.L. 1713654 (2004) and *United States v. Fanfan*, ___ F.Supp. 2d ___, 2004 W.L. 1723114 (D. Me. 2004), *cert. granted,* ___ U.S. ___, 2004 W.L.

1713655 (2004) [these two cases were argued before the United States Supreme Court on October 4, 2004].

9.   In *United States v. Mulcher*, ___ F.Supp. 2d ___, 2004 W.L. 2004080 (S.D. Iowa 2004), Judge Pratt granted the defendants' motion to strike four aggravating factors from the superseding indictment.  While Judge Pratt acknowledged the government's fear that the defendants might receive a sentencing windfall depending upon the ruling in *Booker*, the Court determined that the aggravating factors are not criminal conduct defined by Congress and, as such, have no place within the charging documents against the defendants.  He relied upon *United States v. Worrall*, 2 U.S. 284 (1798).  The judge concluded that the aggravating factors were based on United States Sentencing Guidlines which were not laws but merely procedural rules for the Court to follow, insufficient authority to bring the allegations properly before a trier of fact at a federal district court jury trial.  Absent an act of Congress establishing an aggravating factor as an element of the offense under the law, Judge Pratt, therefore, would refuse to allow a jury to consider such allegations.

10.   Some Courts have reasoned to the contrary.  In *United States v. Baert*, ___ F.Supp. 2d ___, 2004 W.L. 2009275 (D. Me.) docket no. CR. 03-116-P-H, September 8, 2004, Judge Hornby

declined defendant's motion to strike alleged enhancing factors as surplusage and permitted such factors to be properly included in the indictment until post-*Blakely* guidance from the United States Supreme Court.  See also, *United States v. Cross*, ___ F.Supp. 2d ___, 2004 W.L. 2222299 (W.D. Wis., 2004), docket no. 04-CR-112-C, wherein Magistrate Crocker in his Report And Recommendation holds that the Seventh Circuit, which decided *Booker, supra,* requires those facts to be alleged in the indictment.  The First Circuit has not addressed this precise issue.

    11.  In the present case, the defendant alleges that the surplusage is prejudicial, that the government lacks statutory authority to include such sentencing allegations in an indictment, and that presenting such sentencing allegations to a jury for proof beyond a reasonable doubt to increase the defendant's sentence, violates the constitutional principles of separation of powers and the prohibition against the legislative branch delegating its powers to the executive branch.  The latter argument relies upon Judge Young's 177 page Sentencing Memoranda in *United States v. Richard Green*, ___ F.Supp. 2d ___, Cr. No. 02-10054-WGY, decided June 22, 2004 (D. Mass. 2004).

    12.  The government's language in the superseding indictment setting forth the Notice of Additional Grounds is prejudicial

and creates immediate irrevocable harm for the defendant. Proof of this information which is unnecesary to the proof of the substantive charge will seek to bootstrap the government's theory of the case. If the government fails in its proof as to some or all of the alleged undisclosed monies as taxable income, the Notice of Additional Facts will not only create jury confusion, but cannot be easily processed by a jury into the appropriate category for sentencing purposes. If, for example, the government is unable to prove successfully those amounts of money attributed to vendor EL, the defendant therefore will have to be treated by the jury as having willfully failed to disclose an amount less than those amounts. As to each taxable year, therefore, the tax loss amounts would have to be less than those set forth in the Notice of Additional Factors. Accordingly, the trial jury would have received erroneous information that it was to have considered in determining whether or not the defendant was guilty of the causing of the combined tax loss to have exceeded $40,000. No curative instructions would be able to be given to the jury at that point in the proceedings. Whether or not this circumstance would require the return of a not guilty is a matter that may be answered or at least anticipated in both *Booker* and *Fanfan*, but is presently unknown to any federal district court judge. If the government is unable therefore to

prove beyond a reasonable doubt that the defendant caused a tax loss exceeding $40,000, thereby requiring a jury to return a verdict of not guilty, there is likely to be confusion for the jury as to whether or not the defendant is still to be found guilty of a violation of 26 U.S.C. §7206(1) because he did fail to report income from other sources.

13.   Pursuant to F.R.Cr.P. 7(d) a District Court, on the motion of a defendant, can dismiss surplusage from an indictment to protect against allegations that are prejudicial and that are neither relevant nor material to the charges made in an indictment.  1 Wright, Federal Practice and Procedure, §127 at 227.  Surplusage should be stricken, moreover, when it is unnecessary or inflammatory.  *United States v. Poore*, 594 F.2d 39 (4th Cir. 1979) quoting *Dranow v. United States*, 307 F.2d 545, 558 (8th Cir. 1962).

14.   In *United States v. DePalma*, 461 F.Supp. 778, 797 (S.D.N.Y. 1978), the indictment set out a complicated scheme of securities fraud with colorful language such as "skimming" and "looting".  That language, however, if the defendant was found guilty, did not give rise to prejudice that could affect the defendant's fair trial because the language was relevant to proof of the essential elements of the offense.  In *DePalma*, the jury needed to find defendant either guilty or not guilty.  In

the case at bar, defendant Kloack's sentence changes under the guidelines depending on guilt found by a jury.

15.  That guilt because of the combined tax loss alleged in the superseding indictment needs not just a guilty or not guilty.  It needs a finding of a specific computed tax loss, which computed tax loss is not an essential element of the offense but only an essential element to be found by a sentencing jury.  The defendant does not waive his right to be entitled to a fresh jury for purposes of determining the computed tax loss beyond a reasonable doubt in the event he is convicted of violations of 26 U.S.C. §7206(1) by the first jury.

16.  The jury seeing proof sufficient to convict beyond a reasonable doubt as to Mr. Kloack's receipt of income from only one or two, but not three, of three vendors is likely to assume the greater wrong of having received gross income never reported to the government from all three vendors and subject Mr. Kloack to conviction of the charged crimes with a correspondingly more severe punishment.  A jury is more apt to find Mr. Kloack guilty of the total offense even if the quality of it as shown by the government only shows receipt of undisclosed or unreported gross income from one vendor.  Where the charging portion of the original and superseding indictment is sufficient to state a good case, and where further averments or allegations of the

superseding indictment are prejudicial, they should be struck. See, *United States v. Hood*, 200 F.2d 639, 641 (5th Cir. 1953). As in *Hood*, the additional notice of combined tax loss set forth in the superseding indictment is not necessary for the government to prove the underlying offense. The government cannot maintain the inclusion of such information as an essential element of the offense. Were it so, why have not indictments over the last several years specified such details? The government will claim that the Court can give appropriate instructions to cause the jury to have ability to view the evidence separately. Courts have disagreed on this matter. In *United States v. Foutz*, 540 F.2d 733 (4th Cir. 1976), the government failed in its argument because the Court found prejudice to the defendant arose from the weakness of the government's one case and the strength of another so marked that it could not presume the jury would adhere to limiting instructions and segregate the evidence into separate intellectual boxes. See also, *Bruton v. United States,* 391 U.S. 123, 131 S.Ct. ___ (1968). See also, *United States v. Bullock*, 451 F.2d 884, 888 (5th Cir. 1971) where the Court rules that the inclusion of clearly unnecessary language in an indictment that could serve to inflame the jury or confuse the issues or to blur

the elements necessary for conviction under separate counts surely could be prejudicial.

    17.   The government suffers no prejudice if the surplusage is struck.  The government can try the underlying offense.  If the defendant is found guilty, a trial proving the tax loss to be attributed to the defendant beyond a reasonable doubt may be held.  The proper relief is not to dismiss the entire indictment but to order two separate trials, first, as to criminal responsibility and, in the event of guilt, second, with a fresch jury, as to computed tax loss.  See, *United States v. Goodman*, 285 F.2d 378 (5th Cir. 1961).

    For the above reasons, the defendant's motion to strike surplusage and dismiss so much of the indictment as alleges same should be granted.

                                        The Defendant
                                        By his Attorney

                                        /s/ James B. Krasnoo
                                        James B. Krasnoo
                                        Law Offices of James B. Krasnoo
                                        23 Main Street
                                        Terrace Level
                                        Andover, MA  01810
                                        (978) 475-9955
                                        BBO# 279300

**CERTIFICATE OF SERVICE**

    I hereby certify that a true copy of the above document was served upon the attorney(s) of record for each other party by first class mail on October 12, 2004.

                                            /s/ James B. Krasnoo
                                            James B. Krasnoo